IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKY SAMUEL ANDERSON,<br>      Plaintiff, | )<br>)<br>) | |
| v. | ) | Civil Action No. 05-1054 |
| | ) | Judge Joy Flowers Conti |
| WESTMORELAND COUNTY, | ) | Magistrate Judge Caiazza |
|       Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIO**

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Defendant's Motion to Dismiss be granted.

**II. REPORT**

The Plaintiff, Ricky Samuel Anderson ("the Plaintiff" or "Anderson"), a state inmate confined at the Westmoreland County Jail ("WCJ"), commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Named as the only Defendant is Westmoreland County. Anderson complains that the Defendant violated his rights and his son's rights by the entry of an unlawful Protection From Abuse Order in 2002 that wrongfully detained him in jail since October 22, 2003, when he was arrested on a series of charges; *i.e.*, burglary, criminal trespass, criminal attempt to kidnap, aggravated assault, simple assault, loitering and prowling at night, criminal mischief, disorderly

1

conduct, harassment, and public drunkenness.[1] The Defendant has filed a Motion to Dismiss the Complaint. For the reasons that follow, the Motion should be granted.

## A. Standard of Review

A motion to dismiss may be granted by the court if it is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). The issue is not whether the plaintiff will prevail at the end but only whether he or she should be entitled to offer evidence to support his or her claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976).

## B. Liability against Westmoreland County

The Plaintiff's Complaint seeks to assert liability against the Defendant pursuant to the provisions of 42 U.S.C. § 1983. To state a civil rights claim a plaintiff must meet two threshold requirements. He or she must allege: 1) that the alleged

---

1. See Court records attached to the Defendant's Motion. (Doc. 7).

misconduct was committed by a person acting under color of state law; and 2) that as a result, he or she was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Here, the Plaintiff has named Westmoreland County as the sole defendant in this action. Local governing bodies are considered to be "persons" within the meaning of section 1983 and can be sued directly under the act for monetary, declaratory, or injunctive relief. Monell v. Department of Social Services, 436 U.S. 658 (1978). To establish municipal liability a plaintiff must: 1) demonstrate the existence of an unlawful policy or custom, and 2) prove that the municipal practice was the proximate cause of his or her injury. Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). A municipality is liable "where the municipality itself causes the constitutional violation at issue." Canton v. Harris, 489 U.S. 378, 385 (1989). To establish causation a plaintiff must allege a "plausible nexus" or "affirmative link" between the violation and the municipality's custom or practice. Dubinon, 915 F.2d at 850. Also, a municipality is not liable for the alleged misconduct of its employees, absent a link or nexus between the custom or policy and the employee's misconduct because culpability cannot be

3

predicated upon the doctrine of respondeat superior. Monell, 436 U.S. at 691.

Here, the Plaintiff has not set out any allegations in his Complaint which could serve as a basis for municipal liability. Specifically, Anderson has failed to allege any policy or custom instituted by Westmoreland County that serves as the basis of his alleged illegal detention.[2] Accordingly, the Plaintiff's claim against Westmoreland County should be dismissed because he has failed to state a claim upon which relief can be granted.

### III. CONCLUSION

It is respectfully recommended that the Defendant's Motion to Dismiss Complaint be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by May 1, 2006. Responses to objections are due by May 11, 2006.

*Francis X. Caiazza*
FRANCIS X. CAIAZZA
United States Magistrate Judge

---

3. The Court further notes that the Plaintiff's court records indicate that he has been detained since October 22, 2003 due to evaluations of his competency to stand trial. Presently pending before the Court of Common Pleas of Westmoreland County is a motion by the Plaintiff's defense attorney requesting that the Plaintiff be declared incompetent and that he be released from custody.

4

April 13, 2006

cc: Joy Flowers Conti
    United States District Judge

    RICKY SAMUEL ANDERSON
    3399-03
    Westmoreland County Jail
    3000 South Grande Boulevard
    Greensburg, PA 15601

    John K. Greiner, Esquire
    Belden, Belden, Persin & Johnston
    117 North Main Street
    Belden Building
    Greensburg, PA 15601